**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OGANES AGADZHANYAN, | No. 08-56303 |
| Plaintiff - Appellant, | D.C. No. 08-1161-CT |
| v. | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM<sup>*</sup> |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Carolyn Turchin, Magistrate Judge, Presiding

Submitted December 8, 2009<sup>**</sup>
Pasadena, California

Before: THOMPSON and SILVERMAN, Circuit Judges, and BOLTON,<sup>***</sup> District
Judge.

---

    <sup>*</sup>    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    <sup>**</sup>    This panel unanimously finds this case suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

    <sup>***</sup>    The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

1

Oganes Agadzhanyan ("Appellant") appeals from the district court's order affirming the Commissioner of Social Security's denial of disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401-33 ("the Act"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

This Court reviews the district court's order *de novo*. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The appropriate standard of review is whether the administrative law judge's ("ALJ") findings of fact are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The magistrate judge properly concluded that the ALJ's decision to deny benefits was supported by substantial evidence. The magistrate judge also properly concluded that the ALJ did not err in finding Appellant to be less than fully credible, discounting the testimony of an examining physician, and deciding not to order further psychological testing. The ALJ also did not err in propounding a hypothetical scenario to a Vocational Expert ("VE") and relying on the VE's testimony. Finally, the magistrate judge did not use *post hoc* reasoning in upholding the ALJ's decision.[***]

---

[***]Appellant waived his other arguments because he did not raise them before the district court. *See Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001); *Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1063 (9th Cir. 1996).

The ALJ provided clear and convincing reasons for disbelieving Appellant's testimony, pointing to the numerous inconsistencies in his statements and testimony and the dearth of objective medical evidence in the record, as well as his ability to perform activities of daily living and lack of treatment history. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) ("Unless there is affirmative evidence showing the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be 'clear and convincing.'" (quoting *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989))).

The ALJ provided specific and legitimate reasons, supported by substantial evidence, for discounting the opinion of examining psychologist Michael Malmon-Berg. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." (citing *Lester*, 81 F.3d at 830-831)). The ALJ did not fully credit Dr. Malmon-Berg's opinion because it was based primarily on Appellant's subjective descriptions of his ailments and because it was not supported by any other evidence in the record.

The ALJ did not err in not ordering further psychological testing or evaluation for Appellant. The ALJ's independent duty to develop the record was not triggered,

3

because he did not find any piece of evidence to be ambiguous or difficult to interpret. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citing *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 5990 (9th Cir. 1998)).

The hypothetical scenario proposed to the VE was complete, and the ALJ did not err in relying upon that testimony in formulating a residual functional capacity ("RFC") for Appellant. The scenario the ALJ propounded was "accurate, detailed, and supported by the medical record." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). It was proper for the ALJ to limit the hypothetical to only those restrictions that are supported by substantial evidence in the record. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989).

The magistrate judge did not employ *post hoc* reasoning in upholding the decision of the ALJ. The district court must consider "the record as a whole" in determining whether substantial evidence supports the ALJ's conclusions. *See, e.g.*, *Tackett*, 180 F.3d at 1097. It was not improper for the magistrate judge to consider the entire record in arriving at her conclusions.

**AFFIRMED.**